INC. v. REAL ESTATE ALLIANCE INC. v. REAL ESTATE ALLIANCE INC. v. REAL ESTATE ALLIANCE INC. v. REAL ESTATE ALLIANCE INC. v. REAL ESTATE ALLIANCE INC. v. REAL ESTATE ALLIANCE  INC. v. REAL ESTATE ALLIANCE INC. v. REAL ESTATE ALLIANCE INC. v. REAL ESTATE ALLIANCE INC. v. REAL ESTATE ALLIANCE as to what needs to be selected, the selecting steps should also encompass the processing that the computer then goes through in order to execute that function. And may I continue? So you're saying the step is performed by both, only when both parties are involved? Because the computer is not selecting a first area with boundaries until after it accepts the user's input as to what needs to be done. We have no issue with the user also being a participant in that action, but primarily as an initiator, but that's the whole purpose of an interactive computer program. It would be pretty much useless to have one that doesn't allow input by the user or at least the initiation. Yes, but if you claim the step that includes the input by the user, then you've got to live with those claims. And if that is one of the claim elements and the user is performing even a portion of it, the computer is not performing the entire claim element by itself, then you've got an Akamai problem. Well, we don't seek to exclude the user from this claim, but we also don't believe that it's necessary in the claim because the claim does not require the user in it. Well, the claim requires selecting a first area, having boundaries, and the computer isn't doing that on its own. The user has to, as you said, initiate the selection while that's still part of the selection. If I'm initiating oral argument, I'm part of oral argument, I'm beginning the process of oral argument. So if I step into a language, then the user is performing at least a portion of this, according to their argument, all of it. But in any event, if the user is performing any portion of that, then you've got the Akamai problem. We believe that the user may well be a participant in it, but it's not a required participant under the claim, and the user may provide the environment in which the claim steps are performed, but they are computer-directed claim steps. So the user enters a zip code, up pops a map, and the user zooms in and out, right? What has happened there? Who has selected the boundaries, the user or the computer? All boundaries are, first of all, they are pre-provided by the computer. In many instances, the user never sees the boundaries, and the user performs all the... Well, how does Akamai affect all of this? What's your feeling of Akamai's application? You mean the en banc decision? Yes. We believe that we should be able to reassert our inducement claims as well, that have been dismissed by the district courts before Akamai was decided en banc. You're saying the district court dismissed your inducement claims? The district court dismissed all of our infringement claims, inducement, contributory, direct, literal. What was the ground on which the district court dismissed the inducement claims? He didn't say any specific grounds, but he dismissed them under Mooney Auction and BMC. Weren't they mostly direct infringement cases? I believe both Mooney Auction and BMC are joint infringement or divided infringement cases, holding that you have... I believe we did, yes. And he said you didn't preserve that claim. I believe that we preserved the claim by virtue of the Akamai decision being handed down after the district court decided the summary judgment motion. Are you asking for a remand based on Akamai? Well, I think the remand we're asking for should include Akamai, yes. Should include Akamai, or be based on Akamai? Not entirely based on Akamai, but I think there are other grounds for remand and vacatur of the summary judgment grant. Other grounds being what, direct infringement? Yes, Your Honor. You're saying only the user does not perform the selecting step. There is some kind of computer participation as well in the selection. Right. So you're saying the district court read the words only into the selecting clause? I believe the district court read the selecting clause as having to be performed only by either a user or a computer and not by an interaction of both, which in our view is an unfortunate view of interactive computer inventions in general. So you did assert contributory and inducement. That's correct. And you filed a 28-J letter requesting remand after Akamai. That's correct, Your Honor. And the district court did not acknowledge that. I believe we filed the letter to this court after the district court had already issued its summary judgment decision. May I proceed? Yes. The third error that the district court committed pertains to summary judgment procedure in general. And here the court, instead of drawing all justifiable inferences in the non-movement's favor, the district court actually took it upon himself to resolve factual issues and made findings of fact that should have been left to the jury. These errors were cumulative and in our view require that summary judgment be vacated. Real also requests that all of the infringement claims be reinstated. And in addition, real requests that summary judgment be entered by this court in favor of real, at least that the selection step is performed by the computer. In order to avoid another trip to this court. All right. Thank you. You're into your rebuttal time. Would you like to preserve some of that? Yes, please. Thank you. Ms. McGrath? May it please the court. Robin McGrath on behalf of MOVES, Counsel's Table, my colleagues Liz Ackie and Frank Smith. We've got to at least send this back for some kind of Akamai analysis, right? I disagree, Your Honor. By failing to argue induced infringement below, real has waived the right to argue it on appeal. They didn't argue induced infringement. They didn't argue joint infringement. They didn't argue any theory of infringement on the notion. But hasn't the law changed? Absolutely. You're absolutely correct. And didn't we send Akamai back for the Penzance case? You did. And Akamai had preserved that issue. They had argued for a change in the law, as had McKesson. McKesson had argued that the law should not require infringement. The infringement law should not require performance by a single task. But they argued inducement and contributory, and they got knocked down by the laws that then existed. Don't they get a chance to go back and argue under the law as it existed at the time, but it was misunderstood by all courts? Factually, they did not argue induced infringement in response to the summary judgment motion. They pled it in their complaint. They pled it. It was there, and it was under the misunderstanding of the world about what it meant. They didn't have a chance to pursue it. Well, I think you're referring to the supervening decision doctrine, which says if there has been a change in the law since the lower court considered it, that's an exception to waiver. The problem here is for that doctrine to apply, the law must have been so well settled that it would have been pointless for the party to have argued it. That was not the case here. At the time the party's brief summary judgment, Your Honor, and just be clear. BMC Payment Tech, Muni Auction, those weren't clear? No, no. The decision for the on-bank hearing was granted at the time we briefed summary judgment. We briefed summary judgment in October of 2012. Both McKesson and Akamai, this court decided to hear them on bank in April and May of 2012, and one of the issues that this court was agreeing to hear in McKesson were the circumstances, if any, that a party can be liable for induced infringement when there are separate entities performing those separate steps. Knowing that that was one of the issues, Reel made a very strategic decision not to make any argument based on the notion that the user performed the selecting steps. Did you know before Akamai and McKesson that inducement was going to be the key to joint infringement issues? Obviously couldn't know that, but I knew it was on appeal. If I pulled the bar, what percentage would have said inducement is going to be the way this is resolved? I think everybody was looking at direct infringement. That said, if you look at the order, the McKesson order, the on-bank order, this is one of the issues. Quote, if separate entities each perform separate steps of a method claim, under what circumstances, if any, would either entity or any third party be liable for inducing infringement or for contributory infringement? Will you correct that an exception to the waiver doctrine is a change of law? The change of law occurred. Why do you think there's an exception to the exception? Because there is. The supervening decision doctrine only applies if it would have been pointless to argue for a change in the law. How can we find it was pointless for Reel to have argued that the law was changed when that was up on issue? Because the Amantek and Muni auction was the law. And it was being challenged at the time, and this court had agreed to hear the challenge. The court decision is almost implicitly under attack in every court. They're always being reconsidered. The court doesn't always agree to hear on bank the very issue that they went an opportunity to argue. All they had to do in their summary judgment brief, it would have been very simple, all they had to do was say, move performs all the steps, including the selecting steps. However, in the event the court finds that the user performs the selecting steps, this issue is on appeal before the federal circuit, and we reserve the right to argue, induce or direct infringement based on the facts. But for the lack of a sentence, they're precluded. Absolutely. The whole idea of waiver is fairness. Why should the district court, had they raised this at the district court level, we've already been up here twice. Well, had they raised it at the district court level, we would have been able to put forward the evidence to show no induced infringement, but they didn't argue it. In fact, before we even got to the summary judgment stage, move asked the district court to say summary judgment pending a decision in Akamai. Okay, well, we have your argument there. Let's go to selecting a first area having boundaries. How can that mean only the, how can that not include the computer as part of the process? The construction absolutely contemplates the notion that a computer can select, and the district court recognized it. This court says selection takes place when a user or a computer chooses an area having boundaries, not when the computer updates certain display variables to reflect the selected area. That was this court's construction. When a user went to do a property search on the move website, one of the very first things that user did was select a geographic area, and as you noted, that could be done in a number of ways, clicking on the area on a map, on a dropdown menu, putting in the zip code as an initial area into a search field. And once the user did that, the first area was selected. There's no need to select it again. It wasn't selected again. And they zoom in and out. That's the zooming step. There's a zooming step. There's a selecting a first area. There's zooming in on the first area. But the selecting step is when the user says, I want to search Beverly Hills. I want to search this zip code. What is Beverly Hills? It's an area with boundaries. Yeah, but who decides what the Beverly Hills boundaries are? Well, the new computer is preprogrammed to pull up. In other words, the computer is helping select that. The computer isn't selecting anything. The computer is retrieving. It's deciding what Beverly Hills is. It makes no decision whatsoever. It is preprogrammed to retrieve the latitude and longitude coordinates that are associated with a particular area of the map or a particular name in a drop-down menu. You can think of it like this. This is how I think of it. You go to a restaurant for dinner. You look at the menu. You decide what meal you're going to have. You select the meal. You tell the waiter. Waiter goes, brings you back your meal. I don't think anybody in that argument, in that circumstance, would argue that the waiter is selecting the meal. Certainly he's going and getting it for you, but he's just putting it down on the table, not selecting it. Is UCLA in Beverly Hills? I'm sorry, I didn't hear the question. Is UCLA in Beverly Hills? I honestly don't know where UCLA is. The computer would have to make that decision, wouldn't it? But you don't choose. The answer is in and out. It's on the boundary. It's both. So I say Beverly Hills, but I'm looking at UCLA, which is a little in, a little out. Okay. But the computer isn't selecting Beverly Hills. You select Beverly Hills. That's the geographic area. We're not putting in input. Now, had the system been designed so that you say, I want to live near UCLA, I want to have a school, an elementary school within 10 miles, and you put in those inputs, and then the computer went and decided what area with boundaries to pull up, that would be computer selection. In this case, if the user says, I want to search Beverly Hills, I want to search LA, and the computer retrieves that. It's the second problem with Reel's argument, is they say when the computer goes and retrieves the world coordinates associated with the selection, that itself is selecting. The problem with that... It's summary judgment, right? It is. It is. But the problem, Your Honor, is we're not disputing their recitation of how the, and neither did the district court, by the way, of how the move... Which, by the way, prompts a further question. How could they have waived anything on summary judgment? I can argue it. We moved for summary judgment of non-infringement. Everything. They didn't come back and say... It was only responding to a summary judgment motion. It's responding to your motion. How are they waiving anything when they respond to your motion? Because in responding to our motion of non-infringement, they should have said, you do infringe... No, they're responding to what you argued. Right, and what we argued... They don't have to argue things that you didn't argue. You're right. But one of the things we argued was that the user performed the selecting step, and their response should have been what it was, no, we don't disagree, and two, it should have been, but even if that's right, there is a law that the Federal Circuit is hearing the law on induced infringement and on joint infringement, and therefore we think there should be a change in the law, and if there is, we win because of X, Y, and Z. They didn't do that. They put all of their... And not only did they not do it, they didn't even argue it in the alternative. They affirmatively argued the user does not select. That was an affirmative statement. So I believe they've actually disavowed that argument even stronger than simply waiving the argument. But what Rio argued in the first appeal, if you recall, was, quote, the specification, file history, and claims define a method whereby the world coordinates equal to the boundaries of the first and second areas are selected by the host computer. That was in the first appeal. This court specifically rejected that argument. Here's what the court said in response to that argument. To the extent that Rio argues that the selection of an area takes place when the computer sets the world coordinates equal to the boundaries of a selection cursor, a rubber band, window box, we do not agree. Now, granted, we are not talking about window boxes, in this case, selection cursors. But it seems to me the concept being expressed by the court was the same whether we're talking about clicking on maps or drop-down menus or selection cursors. Why isn't it simply, and frankly, this is going to be a philosophical issue beyond any of our ability to respond to, but why isn't this a factual issue of infringement rather than a claim construction issue of law? Well, it's not a claim construction issue at all. This court has determined claim construction. Why isn't it then a factual issue of whether move system does select? Because there are no disputes about how the move system works. The district court accepted their argument, and for purposes of appeal, we can accept their argument too. The question is, what is the conclusion to draw from that? When the new computer set the world coordinates equal to the boundaries selected by the user... We've given a claim construction. Yes. Isn't it time for the jury to decide whether it is satisfied by the move system? I disagree, because there are no disputed issues of fact. What's a disputed issue of fact? We've accepted their recitation of fact as to how the move computer works. You don't agree that in every instance you could characterize the same issue as either infringement or claim construction? Yes, but it's not a claim... That's what I'm asking you. This is a pure infringement. Since we've already passed the claim construction stage, isn't it time for the trial? Not... Given that every... We can re-construe claims indefinitely into the future, re-construing what we said or didn't say. We said it once. Isn't it time to go back and let the jury decide whether move system satisfies the language we've given you? Respectfully, no, because on the facts, there are no facts on which the jury can find selection, given the construction by this court that says selection does not take place when the computer updates certain display variables to reflect the second area. That is the selected area. That is what the move system did as admitted by Reals expert Dr. Shasha. He said, yes, it's updating display variables. Now, he said it does more, too, but the more that it identified was simply sending a request to a map vendor, not selecting areas. This court not only said what selection is, it said what selection isn't, and what the move computer does is not selection under that construction. Why spend the resources, time and effort sending this to a jury when we already know that on the facts, they can't find... It's for Akamai anyway. Shouldn't we just let the whole thing be handled when it goes back? Well, A, I don't think it should go back from Akamai. I think this is about as clear a case of waiver as there could be, and B... A clear case of waiver when they responded to your summary judgment, your issue, without mentioning an issue you didn't mention. We did mention. They mentioned in their opening brief. You mentioned inducement. You said, oh, and inducement also is precluded in the event that the Federal Circuit uses that as the way to resolve the joint infringement. Well, the law was if there was no... If there was multiple users, there could be no inducement. But they... But you didn't mention inducement either, did you? What they said was the issue of Akamai is on appeal before the court, but it is non-dispositive and irrelevant. That was their argument in their opening brief. I see I'm out of time, so I thank you for your time. Thank you, Ms. McGrath. Ms. Knoll, you have a little less than 4 minutes. Ms. Knoll, would you care to... Yes. I'm sorry. Consume your rebuttal time? Okay. May I please support? I'd just like to make a few clarifying remarks that the statement in the... Federal Circuit opinion on claims instruction that computers... Where the computer sets the world coordinates equal to the boundaries of its selection cursor or rubber band window box does not constitute selection. The reason why that does not constitute selection is because that is the step of zooming. And the reason why updating display variables does not qualify as selecting is because that's displaying. Those are different steps of the claim. So there is a selecting step that's different from zooming and from displaying, and that's how we read this decision. And that makes perfect sense. And I also would like to point out that there is more than sufficient evidence that Real has adduced to show that the Move computer performs the selecting step and that this evidence that Real adduced was ignored by the district court and instead the district court accepted the fact that Move adduced and found them to be true and on that basis granted summary judgment. And we believe that this was a flawed approach to summary judgment. Next I would like to point out that the selection of an area having boundaries is a computer-executed step because the computer provides the data, whether they be in pixel form or in world coordinate form or in some other form, that provides the boundaries in the first place and it processes the data for the next steps in the claim so that you can go through this selecting, the displaying, the zooming and the identification of the properties. I'd also like to point out that the participation of the user in clicking on a single point is such a minimal participation in the selecting step because clicking on a single point is by definition dimensionless and really does not select any boundaries. Wait, the selecting step doesn't say select boundaries, it says select an area having boundaries. So the user doesn't have to know what the boundaries are, the user doesn't have to select the boundaries, the user just picks an area that happens to have boundaries. But how can you ascribe the selecting act to a user when the user does not know what he's selecting? See, that doesn't make sense because your entire patent is written in terms of a rubber band window. That's what the whole patent is about. So the user is absolutely in the confines of this patent and every embodiment disclosed therein, doing the selecting at every place in the specification. When you talk about selecting boundaries, selecting an area having boundaries, rubber band window, every single sentence says the user does it. Nowhere in this entire specification does it say the computer does it. There's no question that the patent specification describes the utility of the invention in terms of the benefits to the user, which is also the precise utility and the innovation that this patent itself provides. Not the benefits, it says the user does the selecting. Every single specification point. Well, there are many times when the specification also says how the system selects, but somehow this is not being discussed in MOOCs. But I'd like to point out that the simple initiation, clicking on a dimensionless point,  what the computer provides in terms of processing the boundaries and processing the data in order to get to the next steps of the claim. Thank you, Ms. Noll.